NEW ROCHELLE MUNICIPAL HOUSING AUTHORITY, Landlord, *v.* RALPH THOMAS, Tenant.

City Court of New Rochelle, July 29, 1949.

*Emanuel H. Reichart* for landlord.

*David Avstreim* for tenant.

RUBIN, J. The petitioner, a public housing authority, seeks a final order of possession of dwelling quarters. A number of very fine legal propositions have been raised on behalf of the tenant and, at first blush, they appear to be substantial and deserving of a great deal of consideration. These propositions appear to be novel, too, and for that reason, seemingly, call for considerable research. Factually, too, a novel situation is

presented. On the whole picture though, when viewed in the proper perspective, this court finds no basis for these objections and finds nothing novel or new in the law to be applied to these novel facts.

Basically, the facts are these: the tenant occupied quarters at another address in a portion of a building owned and controlled by the petitioner authority, which premises were admittedly subject to rent control. In furtherance of the program of the housing authority, the building was taken off its foundation and moved to another and present address. Obviously, during the period of removal, no tenants of the building remained in physical possession thereof, even though this particular tenant was permitted to leave personal effects within the demised premises formerly occupied under the controlled tenancy.

It is elementary that once the building came off its foundation it no longer was realty. It was personal property belonging to the authority during the period of removal. It then was placed upon its new and present foundation, and once again became realty. In this court's view, it constituted new construction and it was new construction during the period specified by Congress as freeing it from rent control, or, at least, constituted new construction where the first new rental would control the rent payable. The arrangement with this tenant has constituted such a new rental.

No time need be spent on the question of sufficiency of the notice served by the authority, since under the State enabling act governing the action of the authority (Public Housing Law, § 127), each tenancy is a tenancy for a fixed term as distinguished from a month-to-month or statutory tenancy, and the law is well settled that in such cases no notice is necessary.

As an aside, this court mentions the circumstances that the tenant, while these proceedings were pending, petitioned the Office of the Housing Expediter for administrative action on the question of rents. It is well settled that any such administrative action fixing the amount of rent is not reviewable by the courts except by the Emergency Court of Appeals set up under the rent regulations. Clearly then this court under no circumstances could be called upon to make, nor would it make, a determination as to the amount of rent payable by the tenant when such action has been the subject of administrative procedure.

Final order is therefore granted the petitioner to be settled on three days' notice and upon the settlement of that order the court will entertain any application for a stay.